## Case No. 3,428.

### CROSS v. The BELLONA.

[Bee, 193.] [1]

District Court, D. South Carolina.   Jan., 1803.

#### MEASURE OF SALVAGE COMPENSATION.

Whatever may be the service rendered, court will never give more than one half by way of salvage; and will restore the remainder to owners. Less than one half may be awarded, according to circumstances.

The ship Bellona, of New York, sailed from Cadiz on the 2d September last, with a cargo of wine. She encountered several violent storms, in which she was dismasted, and had her rudder irons knocked off. In this state, with three feet water in the hold, she met at sea a schooner bound to Boston, from which they could obtain no supply of provisions, nor other assistance. But the master offered to take them into his schooner, and to land them in one of the ports to the eastward. The crew of the Bellona accepted the offer. On the 7th November following, she was met with in latitude 42, 40, longitude 63, by the brig John, Sanders, master, who put his mate, Brown, and two seamen into the Bellona, with a supply of provisions and other necessary articles. She had, at that time, three and a half feet water in her hold, her

[1] [Reported by Hon. Thomas Bee, District Judge.]

hatches were open, and her rudder irons gone. Brown and the two seamen continued their endeavors to make a port, till the 30th November, when the libellant Cross boarded the Bellona in latitude 32, 39, longitude 68. Her stock of provisions consisted then of no more than thirty weight of beef, and as much of bread. Brown agreed with Cross that, upon his staying by the wreck, and assisting to get her into port, he should receive one half of the ship and cargo. Upon these conditions Cross remained with the Bellona, sent one seaman on board, and furnished her with all necessary supplies. He was with her when she arrived in this port, seventeen days after he fell in with her. It was proved that Sanders, who put the first three men on board, took out thirty-six casks of wine, and carried them with him to Salem.

BEE, District Judge. After arguing the merits of the respective salvors, a claim was interposed by the owners and underwriters resident in New York. Counsel were heard also on their behalf. Much ingenuity has been displayed as to the proportional service of the several salvors; but as they have agreed to divide equally whatever may be adjudged to them, I shall not rest upon that point. It is said that they are entitled to two thirds of the vessel and cargo. But the owners, by their counsel, as strenuously maintain that they will be amply compensated by a fourth; or, at most, a third part. It was admitted that essential service had been rendered. It is, indeed, highly improbable that the vessel would have reached land without the assistance of Sanders, who found her derelict; and the subsequent aid of Cross, who supplied her with necessaries, and towed her into this harbour.

The value of the property saved is considerable. 1 C. Rob. Adm. 1, 43, were quoted in favour of the salvors. Sir William Scott there says, that courts should not be desirous of reducing to one dead level, the various degrees of merit that must attend the circumstances of each particular case. He refers to a pretended universal rule of giving one half in every case. No more was contended for in that case; but, though no owners appeared, it was declared that the salvors were not entitled to a moiety, and it was determined accordingly. The case quoted by the counsel for the owners from 3 C. Rob. Adm. 355, is also inapplicable to this. There the services were rendered on land, and the crew of the William Beckford were on board, and assisted in saving her. In the case before me, the vessel was abandoned on the high seas, was found six or seven hundred miles from any land, in a disabled state, and at a tempestuous time of the year. I have always considered cases of derelict as different from other claims for salvage, and have invariably decreed one half by way of compensation. Circumstances may induce me, on future occasions, to give less: I would

not, therefore, be understood as laying this proportion down universally. But I cannot conceive that the owners ought by any considerations to be divested of more than a moiety.

I adjudge that proportion now; and decree that the salvors here receive one half of the amount of sales of the Bellona and cargo, after deducting the costs of this suit, and all other necessary charges The thirty-six pipes of wine taken out of the vessel by Sanders must be carried to account of the share of salvage to be divided between him, his mate, and two seamen. One equal part of the salvage money, (or fourth of the whole net proceeds,) must be paid to Captain Cross or his agent. All these parties must settle their respective shares between themselves. The court has been pressed to do this for them; but I do not feel myself bound, or authorized to do so. The remaining half of the net proceeds must be paid over to the agent for the owners and underwriters.